STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        Docket No. CV-14-236



YORK INSURANCE CO.,

              Plaintiff
                                        ORDER ON PLANTIFF'S MOTION
       v.                               FOR DEFAULT JUDGMENT ON
                                        LIABILITY
SNOW FLAKE HOLDINGS,
d/b/a/ DOWNEAST ENERGY,

              Defendant
                                        20 MAR '15 PM3:52


       Before the court is the plaintiff's motion for default judgment on liability

based on defendant's alleged spoliation of evidence. For the following reasons,

the motion is denied.

                                 Background

       Defendant Snow Flake[1] performed annual maintenance on Eugene

Hanscom's house at 94 Old Ocean House Road in Cape Elizabeth. (Pl.'s Ex. A.)[2]

Annual maintenance includes replacement of the nozzle that feeds heating oil

into the burner for the boiler. (Harrison Dep. 42:12-21; Trudelle Dep. 29:8-11.) On

January 14, 2011, the boiler failed and no longer heated Mr. Hanscom's house.

(Harrison Dep., Ex. 1.) As a result, the pipes froze and caused extensive water

damage to the house. (Id.) A technician for Snow Flake, Richard Harrison,

responded to a service call to the house. (Harrison Dep. 17:1-5.) Mr. Harrison

tested various components on the boiler, which all appeared normal. (Harrison

---

1 Snow Flake does business as Downeast Energy.
2 Defendant objects to plaintiff's exhibit A because it is an unsworn letter.

Dep. 23:6-12.) He then changed the nozzle and the boiler started working normally again. (Id.)

Plaintiff's representative first contacted defendant by letter dated February 7, 2011. (Pl.'s Ex. G.) Plaintiff retained an expert, Al Letellier, who contacted Downeast's service manager, Tim Kiely, about inspecting the nozzle. (Pl.'s Ex. A.) According to Mr. Letellier's report of June 13, 2011, Mr. Kiely was not responsive to Mr. Letellier's requests and he was never able to inspect the nozzle. (Pl.'s Ex. A.) Mr. Letellier spoke to Steven Trudell, an employee of defendant, about Mr. Kiely's lack of response. Mr. Trudell stated he would ask Mr. Kiely to call Mr. Letellier. (Pl.'s Ex. A.) Mr. Trudell testified that because he never heard again from Mr. Letellier, Mr. Trudell assumed Mr. Letellier had the nozzle. (Trudell Dep. 19: 1-15 – 20:1-15.) Mr. Lettelier died in October 2011. (Pl.'s Ex. F.) The defendant's incident reports mention that the nozzle was defective. (Pl.'s Exs. E, H.)

Doug Morrell, an officer of defendant, did not recall receiving any oral or written request to save any evidence from the incident at the Hanscom residence. (Morrell Aff. 3.) Downeast Enegy was sold through an asset sale in May 2012. (Id. ¶ 2.)

Plaintiff, as Mr. Hanscom's insurer, reimbursed him for the damage and states it is now subrogated to Mr. Hanscom's right of action against defendant. (Am. Compl. ¶ 10.) Plaintiff filed its one-count complaint on May 29, 2014 and alleges that defendant's technician negligently serviced the furnace in December 2010. Defendant is now unable to locate the nozzle.

2

This case was listed for trial in March and April 2015 on the trial list mailed to counsel on January 20, 2015. Plaintiff moved for default judgment on liability on February 4, 2015.

## DISCUSSION

The Law Court has not addressed the issue of sanctions for the spoliation of evidence in a civil case. Town of Winthrop v. Bailey Bros., 2014 Me. Super. LEXIS 34, at *16 (Mar. 18, 2014). The Superior Court has generally followed the District of Maine and First Circuit federal cases on the issue. Id.; see also Morin v. Harley-Davidson Motor Co. Group, 2013 Me. Super. LEXIS 174, at *6 (Aug. 6, 2013).

The two goals of the spoliation doctrine are to rectify the prejudice suffered by the loss of evidence and to deter future conduct leading to a loss of evidence. Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d 113, 120 (D. Me. 2000). The court must therefore consider: (1) "prejudice to the non-offending party" and (2) "the degree of fault of the offending party." Id. Because sanctions for spoliation are primarily remedial in nature, prejudice to the non-offending party is accorded more weight, absent a showing of willful destruction of evidence. Id. While a finding of bad faith is not required, some degree of fault on the part of the offending party makes imposing a sanction more appropriate. Id. at 123.

In Morin, plaintiff alleged that a defect in her motorcycle ignited her jeans, causing her to crash and suffer injuries. Morin, 2013 Me. Super. LEXIS 174, at *2-5 (Aug. 6, 2013). After leaving the hospital and learning that her jeans were torn and stained, she had the jeans thrown away. Id. at *4. Defendant moved to exclude plaintiff's testimony about seeing embers on her jeans moments before the crash on spoliation grounds because it could not inspect the jeans for burn

3

marks. Id. at *5-6. The court found that defendant was somewhat prejudiced and that plaintiff had been careless, but declined to impose defendant's requested sanction because it would be "tantamount to dismissal." Id. at *7-9. The court specifically noted that "the extent of the prejudice" to defendant was uncertain because it was unclear what, if any, relevant information could have been learned by inspecting the jeans. Id. *8.

In this case, similar to Morin, it is difficult to determine the extent to which plaintiff is prejudiced by defendant's failure to preserve the nozzle. It is unclear what the nozzle would have shown after three years and whether any expert would be able to determine if it was defective by examining it. (Heutz Aff.)

Defendant's culpability in the loss of the nozzle is also difficult to gauge. Defendant's own incident reports state that the nozzle was defective and caused the furnace to fail, which suggests that defendant was aware that the nozzle might be a key item in any litigation. However, plaintiff's own delay in following up on the request for the nozzle and filing suit has compounded the spoliation problem. Plaintiff filed its complaint three years and four months after the incident at the Hanscom home, three years and three months after plaintiff's representative contacted defendant, and two years and eleven months after the request to examine the nozzle. During that intervening time, plaintiff's expert died and defendant went through an asset sale. There is no evidence of any requests to inspect the nozzle after June 2011. There is also no evidence that plaintiff ever wrote a letter to defendant requesting that the nozzle be preserved.

4

Finally, plaintiff's only evidence of defendant's wrongdoing is an unsworn letter written by Mr. Letellier. There is no evidence that defendant willfully, or even negligently, destroyed the nozzle.

Given these facts, sanctions, and especially the sanction of a default judgment on liability, are not warranted. The court will leave for trial any consideration of permitting the fact-finder to draw a permissive negative inference based on defendant's failure to produce the nozzle. See Testa v. Wal-Mart Stores, 144 F.3d 173, 178 (1st Cir. 1998) ("district court properly told the jury that it could (but need not) draw a negative inference if the plaintiff proved by a preponderance of the evidence that, when Wal-Mart destroyed the documents, it had notice both of a potential lawsuit and of the documents' relevance to the claim that underlay such a suit").

The entry is

Plaintiff's Motion for Default Judgment on Liability is DENIED.

Date: March 20, 2015

Nancy Mills
Justice, Superior Court

5

JEFFREY EDWARDS ESQ
PRETI FLAHERTY BELIVEAU & PACHIOS
PO BOX 9546
PORTLAND ME 04112-9546

STEPHEN WADE ESQ
SKELTON TAINTOR & ABBOTT
95 MAIN ST
AUBURN ME 04212-3200